**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA LIDIA LOPEZ-DE FLORES; JUVENILE MALE, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-72750 <br><br> Agency Nos. A206-736-390 <br> A206-736-391 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2020**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,*** District Judge.

Marta Lopez-De Flores and her minor son petition for review of the decision

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

("IJ") decision denying asylum, withholding from removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where the BIA adopts the IJ's decision and adds its own analysis, we review both decisions. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Reviewing factual findings for substantial evidence and questions of law de novo, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny the petition for review.

Lopez-De Flores and her son are natives and citizens of El Salvador. In El Salvador, Lopez-De Flores operated a small store where she sold basic staples. On two occasions, members of the Mara 18 gang came to the store and demanded that Lopez-De Flores pay them $1,000 in monthly "rent" or else they would kill her son. Unable to pay this extortion demand, Lopez-De Flores and her son fled El Salvador and entered the United States without inspection.

Substantial evidence supports the BIA's conclusion that Lopez-De Flores is not eligible for asylum. Lopez-De Flores contends that she is eligible for asylum based upon her membership in the particular social groups of "small business merchants in El Salvador" and "women living alone without protection."[1] To be

---

[1] Lopez-De Flores proposed slightly different social groups before the IJ and the BIA. Before the IJ, Lopez-De Flores proposed the social groups of "small

2

legally cognizable, a proposed social group must be (1) composed of members who share a common, immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question. *Rios v. Lynch*, 807 F.3d 1123, 1127–28 (9th Cir. 2015); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014).

Based on the record in this case, neither of Lopez-De Flores's proposed social groups are legally cognizable. First, small business merchants do not share a common, immutable characteristic. *Ochoa v. Gonzales*, 406 F.3d 1166, 1170–71 (9th Cir. 2005) (stating that a group of "business owners" did not share an "innate characteristic"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Second, although certain groups of women may constitute a particular social group, *see Perdomo v. Holder*, 611 F.3d 662, 667 (9th Cir. 2010) (noting that "women in a particular country . . . could form a particular social group"); *Mohammed v. Gonzales*, 400 F.3d 785, 797 (9th Cir. 2005) (suggesting that "young girls in the Benadiri clan" and "Somalian

business merchants, El Salvador" and "women living alone without protection." Before the BIA, Lopez-De Flores proposed the social groups of "women who are small business owners in El Salvador," and "El Salvadoran women living alone with children." In its decision dismissing her appeal, the BIA considered the original social groups presented to and considered by the IJ. We lack jurisdiction to consider the unexhausted, modified social groups, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004), so we consider the originally proposed social groups.

females" could constitute particular social groups); *Cece v. Holder*, 733 F.3d 662, 673 (7th Cir. 2013) (holding that young Albanian women living alone are a particular social group), Lopez-De Flores did not present any evidence indicating that Salvadoran society generally recognizes, as a distinct social group, women living alone without protection. Because Lopez-De Flores did not show that she was a member of a legally cognizable social group, she is not eligible for asylum. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 244 (noting that the applicant is required "to present evidence that the proposed group exists in the society in question").

In support of her withholding of removal claim, Lopez-De Flores cites to *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), in which we held that the nexus standard for withholding is less stringent than the nexus standard for asylum. This distinction does not support Lopez-De Flores's claim. To be eligible for withholding, Lopez-De Flores must prove that it is more likely than not that she would be subject to persecution on account of a protected ground upon return to El Salvador. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Independent of the nexus standard, Lopez-De Flores has not met this burden because her proposed social groups are not legally cognizable groups, and thus she cannot show persecution on account of a protected ground.

Substantial evidence also supports the BIA's determination that Lopez-De

4

Flores is not eligible for CAT relief. Lopez-De Flores has not shown that it is more likely than not that she will be tortured upon her return to El Salvador by or with acquiescence from public officials or others acting in an official capacity. 8 C.F.R. § 208.18(a)(1); *Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019).

**PETITION DENIED.**